IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN KRAJKOVICH ALEXIS RIVERA<br><br>                              Plaintiffs,<br><br>     vs<br><br>BLAKELY BOROUGH, PETER PETRUCCI, AVENTURA AT TERRACE VIEW, LLC., DAWN FERGUSON<br>                              Defendants. | JURY TRIAL DEMANDED<br><br><br>DOCKET NO.3:22CV01912-MCC |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANTS BLAKELY BOROUGH AND PETER PETRUCCI

***NOW COME*** the Defendants, Blakely Borough, and Peter Petrucci (hereinafter collectively referred to as "Blakely Borough Defendants"), by and through counsel, Harry T. Coleman, Esquire, and Owen M. Coleman, Esquire, and hereby files the instant Memorandum of Law in Support of Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 12(b) (6) and Local Rule 7.6, and in support thereof states as follows:

## I.      FACTS AND PROCEDURAL HISTORY

On December 2, 2022, Plaintiffs, Kathleen Krajkovich and Alexis Rivera, filed this case against Blakely Borough, Officer Peter Petrucci, and others.

The Co-Defendant is Plaintiffs' former employer and supervisor.

An objective review of the Complaint does not reveal any definitive date in which the purported conduct of the Defendant Petrucci allegedly occurred. In addition, the Complaint is so devoid of factual specificity that it contains merely conclusory allegations bereft of factual foundation.

The Defendant Petrucci is accused of filing criminal charges against the two former health care Plaintiffs. Plaintiffs believe since a Magistrate Judge dismissed the charges following an evidentiary Preliminary Hearing, it logically follows that Plaintiffs have a valid *Monell,* false arrest, malicious prosecution, and conspiracy claim under Section 1983. Plaintiffs' belief is contrary to law.

The instant Memorandum of Law in Support of the Motion to Dismiss is filed pursuant to Local Rule 7.6.

As will be established below, the Plaintiffs' Complaint is nothing but boilerplate allegations with no factual foundation.

Plaintiffs allege facts stemming from alleged events occurring at the Aventura Nursing facility with patient "C.M." and their subsequent criminal prosecution.

The case centers on care provided to a resident at the Aventura facility

(C.M.) where Plaintiffs were employed (Doc. 1, ¶ 18).

On July 18, 2022, criminal charges were filed against Plaintiffs in which Officer Petrucci was the Affiant (Doc. 1, ¶ 12).

Plaintiffs allege they were terminated from Aventura because of the underlying facts which served as the foundational basis for the criminal charges.

Plaintiffs allege chronic staffing issues resulted in the horrible human event described in preceding paragraph (Doc. 1, ¶ 52).

This Court must review the Plaintiffs' Complaint to assess whether the pleading states facts upon which relief can be granted., A well-plead Complaint must contain more than mere legal labels and conclusions.

Rather, Plaintiffs here must recite factual allegations sufficient to raise their claimed right to relief beyond the level of mere speculation. This must be done according to the Federal Rules of Civil Procedure in a "short and plain" statement of a cause of action.

In simple terms, Plaintiff's must allege who did what to them with some level of precision.  Plaintiff has failed here.

A short review of Plaintiffs' Complaint reveals nothing but boiler plate allegations of *Monell* liability (Count I) and Conspiracy (Count IV).

The malicious prosecution claims as to Officer Petrucci in Count III

and V also fail as there is no allegation the Plaintiffs were ever incarcerated or suffered a loss of liberty which the law requires in such a claim.

Plaintiffs' false arrest claim in Count II must fail as Plaintiffs' focus is on the dismissal of the charges following the Preliminary Hearing. In essence, Plaintiffs would have one believe that every dismissal of criminal charges following a Preliminary Hearing is an automatic claim for false arrest. The law is not that jaded.

## II.   STANDARD ON MOTION TO DISMISS

There is little doubt that this Honorable Court has an obligation to conduct a review a Complaint. This Court must assess whether the Complaint here fails to state a claim upon which relief may be granted inasmuch as Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed .R.Civ.P. 12(b)(6).

The United States Court of Appeals has commented on the standard of the legal sufficiency of a Complaint.  The Court aptly noted the evolving standards governing pleadings practice in Federal Court in stating that:

> "Standards of pleadings have been in the forefront of jurisprudence in recent years.  Beginning with the

> Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  27 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] in culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173  L.Ed. 2d 868 (2009) pleading standards have seemingly shifted from single notice pleading to more heightened form of pleading requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a Complaint fails to state a claim upon which relief may be granted, this Court must accept as true all allegations in the Complaint and all reasonable inferences that can be drawn from the Complaint and construe same in a light most favorable to the Plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).   However, this Court "need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  Additionally, a Court need not "assume that a … [p]arty can prove facts that the … [p]arty has not alleged."  *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed. 2d 723 (1983).   As the United States Supreme Court held in *Bell Atlantic v. Twombly*,  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), in order

to state a valid cause of action, a party must provide some factual grounds for relief which "requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Consistent with the principals enunciated in *Twombly*, the Supreme Court has underscored that a District Court must assess whether a Complaint states facts upon which relief can be granted when ruling on a Motion to Dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009), the United States Supreme Court held that, when considering a Motion to Dismiss, a Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 678. Rather, in conducting a review of the adequacy of a Complaint, the Supreme Court has advised District Courts that they must:

> "[B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations. When there are

> well-pleaded factual allegations, a Court should
> assume the veracity and then determine whether they
> plausibly give rise to an entitlement to relief."

*Id.* at 679.

Consequently, following *Twombly* and *Iqbal*, a well-pleaded Complaint must contain more than mere legal labels and conclusions. Rather a Complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.

In practice, consideration of the legal sufficiency of a Complaint entails a three-step analysis:

> "First, the Court must 'tak[e] note of the elements of a
> p[arty] must plead to state a claim.' *Iqbal,* 129 S.Ct.
> at 1497. Second, the Court should identify
> allegations that, 'because they are no more than
> conclusions, are not entitled to the assumption of
> truth.' *Id.* at 1950. Finally, 'where there are well-
> pleaded factual allegations, a Court should assume
> their veracity and then determine whether they
> plausibly give rise to an entitlement to relief.' *Id.*"

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

Thus, well-pleaded Complaints must contain more than mere legal labels and conclusions. Rather, Complaints must recite factual allegations which are sufficient to raise the Plaintiffs' claimed right to relief beyond the level of mere speculation and set forth a "short and plain" statement of a cause of action. Plaintiffs' Complaint here fails in this regard.

### III.    ISSUES PRESENTED

**1. DO PLAINTIFFS'** *MONELL* **CLAIMS FAIL BECAUSE OF THE BOILER PLATE ALLEGATIONS OF THE COMPLAINT?**

   **SUGGESTED ANSWER:  IN THE AFFIRMATIVE**

**2. ARE PLAINTIFFS' FALSE ARREST CLAIMS AGAINST DEFENDANT PETRUCCI LEGALLY UNSUPPORTABLE?**

   **SUGGESTED ANSWER:  IN THE AFFIRMATIVE.**

3. **ARE THE PLAINTIFFS' FEDERAL MALICIOUS PROSECUTION CLAIMS DEFICIENT BASED ON THE LACK OF LOSS OF LIBERTY ALLEGED IN THE COMPLAINT?**

   **SUGGESTED ANSWER:  IN THE AFFIRMATIVE.**

4. **ARE PLAINTIFFS' SECTION 1983 CIVIL RIGHTS CONSPIRACY CLAIMS LEGALLY INSUFFICIENT WITH THE FACTUALLY DEFICIENT AND BOILER PLATE ALLEGATIONS CONTAINED IN THE COMPLAINT?**

   **SUGGESTED ANSWER:  IN THE AFFIRMATIVE.**

5. **DO PLAINTIFFS' STATE LAW MALICIOUS PROSECUTION CLAIMS FAIL UNDER PENNSYLVANIA LAW AS PLAINTIFFS' ARGUMENT ON LACK OF PROBABLE CAUSE WAS FOCUSED ON THE TIME OF DISMISSAL AND NOT AT TIME CHARGES WERE FILED?**

   **SUGGESTED ANSWER:  IN THE AFFIRMATIVE.**

6. **IS DEFENDANT OFFICER PETRUCCI IMMUNE FROM LIABILITY WHERE HE WORKED WITH AND RELIED UPON**

**A PROSECUTOR PRIOR TO AND AT TIME CHARGES WERE FILED?**

**SUGGESTED ANSWER:  IN THE AFFIRMATIVE**.

7. **SHOULD THE PUNITIVE DAMAGE CLAIMS BE DISMISSED UNDER THE ALLEGATIONS OF THIS COMPALINT?**

**SUGGESTED ANSWER:  IN THE AFFIRMATIVE**.

## IV.   <u>ARGUMENT</u>

### <u>Plaintiffs' Municipal Liability Claim</u>

On the *Monell* claim, dismissal is requested in that the Plaintiffs have failed to allege that Defendant Blakely Borough had a policy or custom allowing its municipal officers to violate an individual's Constitutional rights. Rather, what Plaintiffs have done is to recite the elements of a *Monell* claim with absolutely no facts as to what the Borough of Blakely did or did not do. These are simply boiler plate allegations. There is no claim for "government liability" when there is no underlying constitutional violation. See, *Mills*, 350 F. App'x. 770, 773 n.2 (municipal liability based on policy or custom cannot succeed when there are no underlying Constitutional violations by the municipality's agent.

The Complaint is silent as to allegations the Borough developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the Borough which caused the violation

of the Plaintiffs

    constitutional rights.    Plaintiffs have not asserted that there was a policy or custom of any nature.    Plaintiffs have not asserted that there was a policy and/or custom of inadequate hiring and training of municipal officers.    Plaintiffs further have not asserted that the Borough did not adopt needed policies which were intended and calculated to avoid Constitutional violations.

    Importantly since the plaintiffs have no allegations about any formally adopted policy or procedure of Blakely Borough, dismissal must be granted to the Defendant Borough on this claim.

    In sum, plaintiffs have presented no allegations that Blakely Borough had a constitutionally deficient custom, policy or practice and thus plaintiffs' derivative Section 1983 claim must fail.

### **Plaintiffs' False Arrest Claim**

    In Count II of the Complaint, Plaintiffs assert constitutional violations for false arrest.    Defendant Petrucci maintains the Complaint fails to state a plausible claim for relief.

    To state a claim under 42 U.S.C. § 1983 for false arrest, Plaintiffs must allege facts to show a lack of probable cause. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a

section 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."); *Gatter v. Zappile*, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) 6 ("Probable cause is a necessary element for [] malicious prosecution and false arrest claims.").

As applied to several of Plaintiffs' claim, probable cause is established upon the facts and circumstances available to the arresting officer at the time of arrest. *Beck v Ohio*, 379 U.S. 89, 91 (1964). Here Plaintiffs look at the claim through a lens only focused upon the finding of the magistrate judge.

Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003). Here, the facts alleged by Plaintiffs, when construed in a light most favorable to them, do not plausibly establish a lack of probable cause. The Complaint attempts to state a claim by reciting, merely the elements of a false arrest claim with no factual support. The Plaintiffs' allegations, however, are the prototypical "naked assertions"

without "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiffs do not allege what they believe actually happened the day of the arrest or prior thereto. They do not affirmatively assert facts to show that the Officer Defendant Petrucci did not have probable cause. Their "bare-bones" allegation of falsehoods and fabrications does not meet the applicable pleading standard. *See Fowler v. UPMC Shadyside*, et al., 578 F.3d 203, 210 (#rd Cir. 2009) ("[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss . . . ."); see also, e.g., *Dennis v. Evans,* No. 09-cv-656, 2011 WL 900911, at *6 (M.D. Pa. Feb. 2, 2011) (recommending dismissal of false arrest claim where "plaintiff failed to state which statements were false, what information was omitted from the affidavit of probable cause, and why the statement '... eight prescription [sic] pills, namely, xanax ...' is false."), report and recommendation adopted, 2011 WL 901187 (M.D. Pa. Mar. 14, 2011). Thus, the Complaint fails to allege a plausible claim for relief under 42 U.S.C. § 1983.

The Court will look to the Complaint and note Plaintiffs assertions that what Defendant Ferguson provided to law enforcement Officer Petrucci was false (See Doc. 1, ¶ 56).  Plaintiffs never assert what Officer Petrucci did incorrectly assuming *arguendo* what Ferguson informed him was false.

In the context of a Section 1983 claim, there is no relevant distinction

between probable cause to believe an individual committed a crime and probable cause to arrest that individual for that crime. In fact, "[t]he proper inquiry in a section 1983 claim based on false arrest . . . is . . . whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan,* 47 F.3d 628, 634 (*citing Dowling v. City of Philadelphia,* 855 F.2d 136, 141). Moreover, "[p]robable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *Paszkowski v. Roxbury Twp. Police Dep't*, 581 F. App'x 149, 152 (3d Cir. 2014) (*citing United States v. Myer*s, 308 F.3d 251, 255 (3d Cir. 2002)). Thus, Plaintiffs' concession that the Individual Officer may have been provided false information by the Co-Defendant should not automatically invalidate the probable cause analysis. A claim for false arrest will fail, however, if there was probable cause to arrest for at least one of the offenses involved. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007); *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)(holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charges under the circumstances").

In *United States v. Laville*, 480 F. 3d 187 (3d Cir. 2007), our Court of Appeals made clear that in evaluating whether one's Fourth Amendment rights were violated, the "test is one of federal law" and "it is reasonableness that is the central inquiry under the Fourth Amendment." Id. at 193-94. Under the federal test, "probable cause exists whenever reasonable trustworthy information or circumstances within an arresting officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested." Id. at 194.

Before an arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the Affidavit used to establish probable cause. *Franks v. Delaware*, 438 U.S. 154, 165-66 (1978). It is beyond argument that a Plaintiff may challenge the presumption of validity afforded a warrant where the magistrate was misled by information contained in the Affidavit either the affiant (1) knew was false or (2) would have known was false had he not recklessly disregarded the truth. The first part of the *Franks* test requires a Plaintiff to show "that the affiant knowingly or deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant." *Sherwood v. Mulvihill*, 113 F. 3d 396, 399 (3rd Cir. 1997).

No allegations in the Complaint remotely meet this standard.  Dismissal is warranted on the false arrest claim.

### Plaintiffs' Malicious Prosecution Claim

Plaintiffs also incorrectly assert a claim for malicious prosecution because the charges brought against them were ultimately dismissed.

To prove a malicious prosecution claim, Plaintiffs must show, inter alia, that: (1) the proceeding was initiated without probable cause; and (2) that they suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding brought against them. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

Blakely Defendant Petrucci argues that Plaintiffs' claim fails because the Individual Defendant had probable cause to arrest Plaintiffs, and because Plaintiffs have failed to allege a deprivation of liberty consistent with the concept of seizure. The Court must agree.

Defendant Petrucci again submits he had probable cause to arrest the Plaintiffs. This is alone sufficient to dismiss Plaintiffs' malicious prosecution claim as failure to meet any element is fatal to the claim. See *Kossler v. Crisanti,* 564 F.3d 181, 186 (3d Cir. 2009) (en banc). However, even assuming arguendo that Plaintiffs have alleged a lack of probable cause, Plaintiffs' claims must also be dismissed because they have failed to allege

facts showing a deprivation of liberty consistent with the concept of seizure. In the context of malicious prosecution claims, a deprivation of liberty is consistent with the concept of seizure only when a criminal defendant is subject to either pretrial custody or "some onerous types of pretrial, non-custodial restrictions" such as those on travel out of the jurisdiction. *DiBella*, 407 F.3d at 603. Plaintiffs have not alleged such a deprivation. Accordingly, their malicious prosecution claim must fail.

### **Plaintiffs' Section 1983 Conspiracy Claim**

To the extent that the Complaint alleges a conspiracy that has resulted in a prosecution, the Complaint is silent on particulars of the agreement and the terms of the conspiracy agreement.  Frankly, only boiler plate allegations appear. It is beyond argument that there is no constitutional right to the prosecution of another or to an accurate police report. "To state a conspiracy claim under section 1983, a plaintiff must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.'" *Cooper v. City of Chester*, 11- cv-5381, 2011 WL 6046934, at *7 (E.D. Pa. Dec. 5, 2011) (quoting *Perano v. Twp. of Tilden*, 423 Fed App'x 234, 239 (3d Cir. 2011)).

To state a claim for conspiracy pursuant to § 1983, the Plaintiffs must prove (1) the existence of a conspiracy involving state action; and (2) a

deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Piskanin v. Hammer*, 2005 U.S. Dist. LEXIS 28135 at *11 (E.D. Pa., November 14, 2005) quoting, *Marchese v. Umstead*, 110 F.Supp. 2d 361, 371 (E.D.Pa. 2000).

Case law is clear that to prove a conspiracy it is required that the Plaintiffs provide a factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting, *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-1481 (10th Cir. 1990)).  It is necessary for the Plaintiffs to show "that two or more conspirators reached an agreement to deprive [plaintiff] of a Constitutional right under color of law." *Parkway Garage Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993).

The Complaint, at best uses the term conspiracy but is most silent as to factual support to establish a conspiracy. The Motion to Dismiss must be granted here.

### Plaintiffs' State Law Malicious Prosecution Claim

In the Complaint, Plaintiffs assert a state law claim for malicious prosecution. Because this Court should dismiss all of Plaintiffs federal claims over which it has original jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), it

should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert,* No. 92-3913, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.").

For reasons discussed above, probable cause was established and that is fatal to Plaintiffs' state law malicious prosecution claim.

### Qualified Immunity of the Defendant Petrucci

The defense of qualified immunity "shields government officials performing discretionary acts from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ankele v. Hambrick,* 286 F. Supp. 2d 485, 490 (E.D. Pa. 2003)(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982))(granting summary judgment for defendant state trooper).

To determine whether the defense of qualified immunity applies, the court must engage in a two-step analysis. *Ankele*, 286 F.Supp. 2d at 491.

First, the court must consider whether the facts alleged show that the officer's conduct violated a constitutional right.  *Ankele*, 286 F.Supp. 2d at 491.  This is a "purely legal' question for the Court." *Ankele,* 286 F.Supp. 2d at 491 (quoting Johnson v. Jones, 515 U.S. 304, 313 (1995)). Second, if a violation is established, the court must next examine "whether it would be clear to a reasonable officer that his conduct was unlawful." *Ankele*, 286 F. Supp. 2d at 491 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001).  The focus should be on whether the officer acted reasonably under settled law at the time, and <u>not</u> whether a different interpretation of the events can be constructed years later with the benefit of hindsight.  See *Lynch v. Hunter,* 2000 WL 1286396 *4 (E.D. Pa. Sept. 1, 2000) (quoting *Wollin v. Gondert*, 192 F. 3d. 616, 621 (7th Cir. 1999)) (emphasis added).

The Complaint on its face warrants qualified immunity for Officer Petrucci.   Those falsehoods in the Complaint are attributed to Defendant Ferguson.   An objective review of the Complaint indicates Officer Petrucci did his job.  Qualified immunity is appropriate.

### Plaintiffs' Punitive Damage Claim

In a §1983 claim against an individual Defendant such as Officer Petrucci, a jury may assess punitive damages if the Defendant's conduct is shown to be motivated by an evil motive or intent or whether it involves

reckless or callous indifference to the constitutionally protected rights of the plaintiffs. *David ex rel Davis v. Borough of Morristown*, 400 F.Supp.2d 790, 801 (E.D. Pa. 2005) (citing, *Brennan v. Norton,* 350 F.3d 399, 428-29 (3d Cir. 2003)).

As to the allegations against Officer Petrucci, they do not rise to the level warranting punitive damages as an objective review of the Complaint presents a situation that does not rise to the level of that type of conduct that is constitutionally reprehensible to support a claim of punitive damages against the named Officer. Dismissal of the punitive damages sought against Defendant Petrucci is warranted.

## **CONCLUSION**

For all the reasons set forth above, the allegations in the Complaint warrant the Motion to Dismiss of the Defendants Blakely Borough and Officer Petrucci and same should be granted.

Dated: <u>January 31, 2023</u>      Respectfully submitted,

LAW OFFICES OF HARRY T. COLEMAN

By:  ***/s/ Harry T. Coleman, Esquire***
     Harry T. Coleman, Esquire
     Attorney I.D. No. 49137
     41 N. Main Street
     3rd Floor, Suite 316
     Carbondale, PA 18407

(570) 282-7440

*Attorney for Defendants Blakely Borough
and Officer Petrucci*